UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                              ) | |
|       v.                     ) | CRIMINAL NO. 99-10064-GAO |
|                              ) | |
| ALI ADDO,                    ) | |
|       Defendant.             ) | |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

On May 30, 2007, defendant Ali Addo ("Addo"), an immigration detainee currently in custody at the Suffolk County House of Corrections, filed a self-prepared Motion for Dismissal of the Case (#69) in this closed criminal action. The motion is not entirely coherent. However, it appears Addo is seeking to attack his criminal convictions and sentences imposed in all three of his criminal cases, including this bank fraud case.[1] The crux of his claim is that the government fabricated the passport which was used against him, and that he was never provided the result of the forensic examination of the passport.

While Addo has filed his pleading as a Motion to Dismiss, based on the relief sought, the Court construes this motion as one to set aside his conviction and vacate his sentence pursuant to 28 U.S.C. § 2255.[2] However, § 2255 relief is not available to Addo for two reasons. First, in

---

[1] See United States v. Ali Hussein Addo, CR 01-10329-NG (escape charge); United States v. Ali Hussein Addo, CR 03-10155-RGS (bank fraud and passport fraud). On May 30, 2007, Addo filed, in CR 01-10329-NG, a "Motion to Dismiss" (#69). That motion is identical pleading filed in this action, apart from the docket number. On June 6, 2007, Judge Gertner entered an electronic Order denying Addo's Motion to Dismiss, on the grounds that: "No new evidence is presented that is relevant to the criminal charge in this case. Defendant was charged with escape from federal custody, not passport fraud. As the Court has said before, this is not the proper forum for challenges to defendant's guilty plea in case no. 99-cr-10064."

[2] Although Addo claims in the instant case that he was tried for bank fraud and passport fraud, and that because the passport fraud charges fail, the bank fraud charges fail as well, it appears that Addo is intermingling his claims with respect to his three criminal cases before different judges of this Court. Addo pled guilty only to bank fraud in CR 99-10064-GAO, and not passport fraud. However, he pled guilty to a Superseding Information charging bank fraud

order to bring a § 2255 motion, Addo must be "in custody under sentence of a court established by an Act of Congress...." 28 U.S.C. § 2255.   It appears that Addo is currently an immigration detainee in the custody of Immigration and Customs Enforcement, and that the federal sentence imposed in CR 99-10064-GAO which he is collaterally attacking has expired.  Thus, Addo has not shown he is "in custody" for purposes of § 2255 relief.

Second, even if Addo was "in custody," for purposes of § 2255, this Court nevertheless lacks jurisdiction to review the § 2255 claims because this is, in legal effect, a second or successive § 2255 motion.³  28 U.S.C. § 2255; see Addo v. United States, C.A. 05-11420-GAO (§ 2255 motion).  Addo's allegation of newly discovered evidence (*i.e.* that the government admitted to the probation officer that it fabricated the passport), does not alter this Court's conclusion that there is no jurisdiction to consider a second or successive § 2255 motion unless the United States Court of Appeals for the First Circuit certifies the motion contains "newly discovered evidence, that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255.

In light of the above, this Court is without authority to consider Addo's collateral attack to the conviction and/or sentence imposed in CR 99-10064-GAO.  Accordingly, it is hereby

---

and passport fraud, in CR 03-10155-RGS, and to the escape charge before Judge Gertner in CR 01-10329-NG.  Thus Addo's challenges to his conviction for passport fraud and escape, are misplaced.

[3]"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence...; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.  See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000) (a petition is "second or successive" when a previous habeas petition has been decided on the merits); cf. Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000).

Ordered that Addo's Motion to Dismiss (#69) is DENIED.

SO ORDERED.

                                                      /s/ George A. O'Toole, Jr.
                                                      GEORGE A. O'TOOLE, JR.
                                                      UNITED STATES DISTRICT JUDGE

DATED: July 6, 2007